CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RHa
JUL 12 2011
JULIA C. DUDLEY, CLERK
BY: HMcDonod
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD DWAYNE MCKINNEY, | ) | Civil Action No. 7:11-cv-00329 |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | By: Hon. Jackson L. Kiser |
| LEE COUNTY CIRCUIT COURT, | ) | Senior United States District Judge |
| Respondent. | ) | |

Richard Dwayne McKinney, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his confinement by the January 2011 judgment of the Lee County Circuit Court, convicting him of drug offenses. Upon consideration of the petition, I find that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1]

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row felon can exhaust state remedies in one of three ways, depending on the nature of the claims raised. First, the convict can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against the convict. Second, the convict can attack the conviction collaterally by filing a state habeas petition with the circuit court where the convict was

---

[1] A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §§ 8.01-654(A)(1); 17.1-411. Finally, the convict can exhaust remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the convict chooses to follow, it is clear that the convict ultimately must present the claims to the Supreme Court of Virginia and receive a ruling from that court before a federal court can consider them. A petitioner cannot have exhausted state remedies if a petitioner has the right under the law of the state to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

In this case, the petition clearly shows that petitioner has not presented the claims to the Supreme Court of Virginia as required.[1] Petitioner's failure to exhaust state remedies mandates summary dismissal of the petition by this court.[2] Based upon the finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 12th day of July. 2011.

Senior United States District Judge

---

[1] Petitioner acknowledges in his petition that he has neither appealed nor collaterally attacked his instant convictions.

[2] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).